UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROMEO CORTEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-140 |
| | § | |
| MERITPLAN INSURANCE COMPANY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF CORTEZ'S MOTION TO REMAND

**I.     Factual and Procedural Background**

Now before the Court is Plaintiff Romeo Cortez's Motion to Remand. (Dkt. No. 16). Cortez, Ofelia Gonzalez, and Miriam Hinojosa (collectively, "Plaintiffs") originally filed suit against Defendants Meritplan Insurance Company ("Meritplan") and Cunningham Lindsey U.S., Inc. ("CL") in the 370th Judicial District Court, Hidalgo County, Texas, on February 8, 2013. (Dkt. No. 1, Exh. 2). Plaintiffs' Original Petition alleges that they own properties in Hidalgo County that were covered by insurance policies issued by Meritplan, and that sustained covered losses resulting from a hail storm that hit the area on March 29, 2012. *Id.* Plaintiffs made claims under the policies for the damages sustained. *Id.* Dissatisfied with the adjustment of the policy claims, Plaintiffs brought causes of action against Meritplan for breach of contract and against Meritplan and adjusting company CL for breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code. *Id.* On March 25, 2013, Meritplan removed the case from state court on the grounds that the Court has diversity jurisdiction over the action, in that the amount in controversy exceeds $75,000,

exclusive of interest and costs, and is between citizens of different States absent the improper joinder of non-diverse Defendant CL. (Dkt. No. 1); *see* 28 U.S.C. §§ 1332(a)(1), 1441, 1446. Plaintiffs moved to remand. (Dkt. No. 9).[1] The Court ordered severance of the removed case into three separate causes on June 5, 2013. (Dkt. No. 27).

In this severed action in which only claims by Cortez against Meritplan and CL remain, Meritplan has moved for dismissal of the extracontractual claims against it under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Dkt. No. 4). The Court must resolve the jurisdictional dispute prior to considering this motion, and now finds that Cortez's Motion to Remand must be denied for the following reasons.

## II.     Cortez's Motion to Remand

It is well-settled that "[t]o determine whether jurisdiction is present for removal, [the court must] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Cortez does not dispute that the requisite amount in controversy exists, or that diversity of citizenship would exist absent the alleged improper joinder of CL, but moves to remand on the grounds that his original pleading sets forth viable claims against this Defendant. (Dkt. No. 16).

The doctrine of improper joinder constitutes a "narrow exception" to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell v. Stone Ins.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

---

[1] Plaintiffs' amended Motion to Remand, also filed prior to severance, is the motion now before the Court for consideration. (Dkt. No. 16).

establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Meritplan has not claimed any actual fraud; therefore, this Court's inquiry is limited to whether a reasonable basis exists for predicting that Cortez might be able to recover against CL, the non-diverse Defendant. *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis omitted); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("While the burden of demonstrating [improper] joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist."). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701.

The Court agrees with Meritplan that Plaintiffs' Original Petition does not identify a reasonable basis for recovery by Cortez against CL. *See* (Dkt. Nos. 1, 25). The only specific reference to CL is found in the "Facts" section of Plaintiffs' pleading, in which they allege that CL "performed a faulty investigation, used their faulty investigation and materials to make coverage decisions, and in general acted as the insurance company," thus acting "outside the scope of their authority." (Dkt. No. 1, Ex. 2). Meritplan contends that these allegations are so broad that they "could apply to virtually any adjuster in virtually any bad faith lawsuit," an argument supported by the fact that all three Plaintiffs who made separate policy claims for damages to separate properties brought the same allegations against CL. (Dkt. No. 25).[2]

---

[2] Moreover, Gonzalez apparently made these allegations in error, as she has since dismissed her claims against CL and expressed her intention to sue another adjusting company. *See* (Dkt. Nos. 14, 16).

Plaintiffs' pleading then proceeds to assert their bad faith, DTPA, and Insurance Code causes of action against Defendants collectively and in a conclusory manner, without any indication of the specific, actionable bases for Plaintiffs' (much less Cortez's) claims against CL. At best, Cortez has pleaded only a theoretical possibility of recovery against CL. The Court concludes that Meritplan has met its burden to show that CL's joinder in this suit is improper and that it must be dismissed as a party, and that the Court has diversity jurisdiction over the action.

## III. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff Cortez's Motion to Remand (Dkt. No. 16) is **DENIED** and Cunningham Lindsey U.S., Inc. is **DISMISSED** as a party to this action.

SO ORDERED this 20th day of December, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge